UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELVIN HAYES and
RASHIKA HAYES,

    Plaintiffs,

v.                                    CASE NO. 3:23-cv-448-MMH-JBT

JONATHAN MEEKS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs ("Motions") (Docs. 2 & 3). For the reasons stated herein, the undersigned recommends that the Motions be **DENIED** and that the case be **DISMISSED without prejudice**.

### I. Background

On May 19, 2023, the undersigned entered an Order taking the Motions under advisement. (Doc. 6.) The Order stated: "On or before June 9, 2023, Plaintiffs shall file a second amended complaint and Plaintiff Rashika Hayes shall file an amended motion in compliance with this Order and all applicable rules and law." (*Id.* at 6.) Plaintiffs did not file a second amended complaint and Plaintiff Rashika Hayes did not file an amended motion.

### II. Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed

without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) of the Federal Rules of Civil Procedure demands "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [*pro se*] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[1] As such, *pro se* complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may even be dismissed. *Id.* at 276.

### III.   Analysis

As the undersigned observed in the previous Order, Plaintiffs' Amended Complaint ("AC") (Doc. 4) and Plaintiff Rashika Hayes' Motion (Doc. 3) are deficient. (*See* Doc. 6 at 3–6.) Because Plaintiffs have filed no additional pleadings, motions, or filings of any kind, the undersigned's original analysis still applies.

In short, even liberally construed, Plaintiffs' AC fails to meet the pleading standard contained in Federal Rule of Civil Procedure 8(a)(2). (*Id.* at 3–5.)

---

[1] The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited when they are persuasive on a particular point. *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022).

Plaintiffs' AC fails to allege sufficient non-conclusory facts to allow for a reasonable inference that any Defendant is liable for any of the matters alleged. Additionally, Rashika Hayes' Motion provides insufficient information for the Court to determine her eligibility for pauper status.  Despite being advised of these deficiencies in the undersigned's previous Order, Plaintiffs have not cured them with any additional filings.  (Doc. 6 at 6.)  Therefore, the undersigned recommends that the Motions be denied and that the AC be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motions (**Docs. 2 & 3**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

## Notice to Plaintiff

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  See Fed. R.

Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on June 23, 2023.

*[signature: Joel B. Toomey]*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiffs